**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3497
_____

UNITED STATES OF AMERICA

v.

TYRONE EVANS,
                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-18-cr-00219-001)
District Judge:  Hon. Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 25, 2021
_____

Before: GREENAWAY, JR., SHWARTZ, <u>Circuit Judges</u>, and KANE, <u>District Judge</u>.[*]

(Filed:  May 27, 2021)
_____

OPINION[**]
_____

_____

        [*] The Honorable Yvette Kane, United States District Judge for the Middle District
of Pennsylvania, sitting by designation.
        [**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Tyrone Evans pleaded guilty to three counts of Hobbs Act robbery and three counts of aiding and abetting the brandishing, use, and carrying of a firearm during a crime of violence, for which he was sentenced to 300 months' imprisonment. Evans appeals his conviction and sentence. His appellate counsel argues that his appeal presents no nonfrivolous issues and moves to withdraw under Anders v. California, 386 U.S. 738 (1967). Because neither Evans, pro se, nor his counsel have identified any nonfrivolous issues, we will grant the motion and affirm.

I

Evans participated in three armed robberies of convenience stores in Philadelphia. In the first, Evans served as a lookout for his armed co-conspirator, Nasir Thompas. Thompas approached the store clerk, pointed a gun at him, demanded money from the register, and threatened to kill him. The clerk gave Thompas approximately $250. Video evidence showed Evans entering the store shortly before Thompas, loitering for a few minutes, and leaving as Thompas arrived. A few days later, Thompas and Evans carried out a second robbery. Thompas again pointed a firearm at a cashier and demanded money from the register. When the cashier did not immediately comply, Thompas struck him in the chest several times with the firearm and took approximately $200. Surveillance video showed Thompas, Evans, and a third co-conspirator, Shakeem Pressley, speaking shortly before the robbery. In the third robbery, Evans again served as a lookout while Pressley brandished a firearm and took approximately $300 from a

2

convenience store's cash register.

Philadelphia police arrested Pressley, who told them that Evans planned the robberies. Officers then interviewed Evans, who denied any involvement in the robberies.

Evans was eventually arrested. Although he again denied any role in the crimes or that he knew Thompas or Pressley, recorded jailhouse telephone calls captured Evans asking others to destroy evidence that could link him to the robberies.

A grand jury returned a six-count indictment, charging Evans with three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and three counts of aiding and abetting the brandishing, use, and carrying of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Evans pleaded guilty without a written plea agreement.[1]

The Probation Office prepared a Presentence Investigation Report ("PSR"), recommending a United States Sentencing Guidelines range of 329-348 months' imprisonment, based on a total offense level of 24 for the robbery charges, a mandatory minimum of 84 months, to be served consecutively, for each § 924(c) charge, and a criminal history category of IV.

At sentencing, the District Court noted there were no objections to the PSR and adopted it. After discussing the sentencing factors under 18 U.S.C. § 3553(a), the Court granted a downward variance on the robbery charges from 77 to 48 months'

---

[1] At the plea hearing, Evans initially sought new counsel, which the District Court denied because there was "no basis to switch [his] attorney now." Supp. App. 27. Nothing in the record demonstrates that this denial was error.

imprisonment, and ordered that that sentence be followed by three consecutive terms of seven years each for the three gun charges, thus resulting in a total sentence of 300 months' imprisonment.[2]

Evans's counsel filed an appeal on Evans's behalf and a motion to withdraw, asserting that there are no nonfrivolous grounds for appeal.

## II[3]

### A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in <u>Anders</u> to assure that indigent clients receive adequate and fair representation." <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001). This rule allows defense counsel to file a motion to withdraw and an accompanying brief pursuant to <u>Anders</u> when counsel has reviewed the record and concluded that "the appeal presents no issue of even arguable merit." Third Cir. L.A.R. 109.2(a). When counsel submits an <u>Anders</u> brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." <u>Youla</u>, 241 F.3d at 300 (citing <u>United States v. Marvin</u>, 211 F.3d 778, 780 (3d Cir. 2000). An issue is frivolous if it "lacks any basis in law or fact." <u>McCoy v. Ct. of Appeals of Wis., Dist. 1</u>, 486 U.S. 429, 438 n.10 (1988).

To determine whether counsel has fulfilled Rule 109.2(a)'s requirements, we

---

[2] The District Court also ordered Evans to serve five years' supervised release and pay $450 in restitution and a $600 assessment.

[3] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

examine the brief to see if it: (1) shows that counsel has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal, even if "wholly frivolous," Smith v. Robbins, 528 U.S. 259, 285 (2000); and (2) explains why those issues are frivolous, Marvin, 211 F.3d at 780-81. If these requirements are met, the Anders brief guides our review, and we need not scour the record. See Youla, 241 F.3d at 300-01.

Counsel's Anders brief satisfies both elements, and an independent review of the record reveals no nonfrivolous issues. First, the brief demonstrates a thorough examination of the record and identifies the District Court's jurisdiction, the validity of Evans's guilty plea, and the reasonableness of his sentence. Second, the brief explains why any challenge to Evans's plea or sentence would be frivolous under the governing law. Counsel's Anders brief is therefore sufficient.

B

Evans's counsel correctly noted that the District Court had jurisdiction to enter the judgment of conviction and sentence. United States district courts have jurisdiction over offenses against the laws of the United States. 18 U.S.C. § 3231. Evans was charged with Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and aiding and abetting the brandishing, use, or carrying of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), both of which are federal offenses. Accordingly, there is no issue of arguable merit concerning jurisdiction.

The record further reflects that Evans's guilty plea was valid under the

Constitution and Federal Rule of Criminal Procedure 11.[4]  During the plea hearing, the

District Court confirmed Evans's competence, ensured that he understood the charges

against him, and reviewed his constitutional rights.  Specifically, the Court explained that

Evans could plead not guilty and proceed to trial with the assistance of counsel who

could confront and cross-examine witnesses, that he had a right to testify or not testify

and to subpoena witnesses, and that the jury would presume him innocent unless the

Government proved his guilt beyond a reasonable doubt.  The Court also informed Evans

of the penalties he faced and explained that, in its sentence, it would refer to, but could

depart from, the Guidelines range.  Finally, the Court found there was a sufficient factual

basis for Evans's guilty plea.

The Government notes one potentially nonfrivolous argument, namely that Hobbs

Act robbery may not serve as a predicate crime for a violation of § 924(c), which requires

---

[4] When a defendant enters a guilty plea, he waives various constitutional rights, and those rights must be specifically addressed during a plea hearing.  Boykin v. Alabama, 395 U.S. 238, 242-44 (1969).  Accordingly, Rule 11 requires that a district court advise the defendant, among other things, of

> the waiver of certain constitutional rights by virtue of a guilty plea, the nature of the charges to which he or she is pleading guilty, the maximum possible penalty to which he or she is exposed, the court's obligation to apply the Sentencing Guidelines and discretion to depart from those guidelines under some circumstances, and the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

United States v. Schweitzer, 454 F.3d 197, 202-03 (3d Cir. 2006) (quotation marks, citations, and alterations omitted).  The district court must also "ensure that the defendant receives these caveats, understands them, and still wishes of his or her own volition to plead guilty."  Id. at 203.

that the defendant brandish, use, or carry a firearm "during and in relation to a crime of violence." 18 U.S.C. § 924(c). The operative provision of § 924(c) defines a "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); see United States v. Davis, 139 S. Ct. 2319, 2328 (2019) (holding that § 924(c)(3)(B) is unconstitutionally vague). We recently joined our sister circuits who held that both completed and attempted Hobbs Act robberies are crimes of violence for purposes of § 924(c)(3)(A). See United States v. Walker, 990 F.3d 316, 324-30 (3d Cir. 2021) (collecting cases). Accordingly, contesting Evans's plea and conviction on this ground would be frivolous.[5]

Because Evans pleaded guilty knowingly and voluntarily, with an understanding

---

[5] Evans argues pro se that his attorney did not explain that to prove aiding and abetting under § 924(c) required the Government to demonstrate that he "actively participated . . . with advance knowledge that a confederate would use or carry a gun during the crime's commission," as set forth in Rosemond v. United States, 572 U.S. 65, 67 (2014). At his plea hearing, Evans agreed that he had the opportunity to discuss the charges against him with his attorney, understood the elements of those charges, and admitted that he helped plan the robberies and knew that his confederates would be armed. Thus, any challenge to Evans's conviction based on Rosemond is meritless. Evans's citation to Bailey v. United States, 516 U.S. 137 (1995), is also inapposite because Bailey addressed the word "use" in an earlier version of § 924(c). Specifically, Bailey explained that the term "use" in § 924(c) requires the Government "to show an active employment of the firearm by the defendant" rather than "mere possession." Id. at 143 (emphasis omitted). This definition is irrelevant to Evans's case. First, following Bailey, Congress amended § 924(c) "to cover possession as well as use." Welch v. United States, 136 S. Ct. 1257, 1267 (2016); see also United States v. O'Brien, 560 U.S. 218, 232-33 (2010) (describing this amendment as the "Bailey fix"). Second, Evans admitted that he knew Thompas and Pressley would possess a firearm during the robberies. Such knowledge is sufficient for liability under § 924(c).

7

of his rights and the consequences of his plea, and there was a factual basis for his plea, there is no issue of arguable merit concerning the plea's validity.

Evans's sentence is also procedurally and substantively reasonable. See United States v. Tomko, 562 F.3d 558, 566 (3d Cir. 2009) (en banc). With respect to procedural reasonableness, a district court must (1) calculate the applicable Guidelines range, (2) consider departure motions, and (3) meaningfully address all relevant 18 U.S.C. § 3553(a) factors. United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). The District Court fulfilled these requirements.

First, the District Court's Guidelines calculation was supported by the facts and comported with the Sentencing Guidelines. Second, the District Court gave "rational and meaningful consideration" to the § 3553(a) factors, Tomko, 562 F.3d at 568 (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)), by addressing the serious nature of the offense as well as Evans's circumstances, including that he committed these crimes "while he was on probation for other crimes in two separate counties," Supp. App. 88.[6] The District Court also noted that Evans "has had a number of obstacles in his life," including an absent father and a drug-addicted mother who "physically abused him." Supp. App. 89. It found that these factors, taken together, favored a downward variance from the lengthy sentence he faced. Thus, the sentence was procedurally reasonable.

---

[6] Citations to the pages in the Government's Supplemental Appendix refer to the page number on the ECF banner.

8

The sentence was also substantively reasonable.  Given Evans's role in planning the violent robberies and his lack of "respect for the law," Supp. App. 91-92, we cannot say that "no reasonable sentencing court would have imposed" the 300-month sentence that he received, Tomko, 562 F.3d at 568.  Thus, any challenge to the substantive reasonableness of Evans's sentence would lack merit.

## III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm Evans's judgment of conviction.